IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Plaintiff,

v.                                                                                                 No. 23-cv-0454-KWR-GJF

REPRESENTATIVES ASSOCIATION
DEPARTMENT OF HEALTH, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff Myrtis Paulo Hart's motions to reopen this case and grant various types of substantive relief. *See* Docs. 8-21. Plaintiff was incarcerated when this case was filed and is proceeding *pro se*. He asks the Court to reconsider its ruling dismissing his civil complaint without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Orders. The Court entered its Order of Dismissal after Plaintiff failed to pay the filing fee when he submitted his complaint; failed to timely comply with a Cure Order directing him to pay the fee or file a motion to proceed *in forma pauperis*; and failed to show cause for his inaction. *See* Docs. 5, 6. The Court entered a Final Judgment along with the Order of Dismissal on September 8, 2023. *See* Docs. 6, 7.

    Plaintiff filed fourteen post-judgment motions within three weeks after the Judgment was entered. *See* Docs. 8-21. The Court will therefore analyze whether there are grounds to reconsider the Order of Dismissal under Fed. R. Civ. P. 59(e). *See Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008) (A motion to reconsider filed within twenty-eight days after entry of the final judgment is analyzed under Rule 59(e)); *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991) (same). Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to reconsider a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Here, only the first two post-judgment motions expressly acknowledge the Order of Dismissal. *See* Docs. 8, 9. In those motions, Plaintiff seeks to reopen this case so that he file an amended civil rights complaint. *Id.* He cites "cruel and unusual punishment" and alleges that the Metropolitan Detention Center "delay[ed] the [in] forma pauperis [motion]," but he does not explain the nature of the delay. Doc. 8. Plaintiff further alleges he needs to refile his claims due to "FBI communications" and "housing delays." Doc. 9. These arguments do not demonstrate reconsideration is warranted based on new law or evidence, nor are they specific enough to demonstrate injustice. As noted above, the Order of Dismissal was entered without prejudice. There is no indication in the record that Plaintiff's claims are time-barred, and he has not paid any portion of the filing fee in this closed case. Plaintiff can simply file a new case and address the filing fee requirement in that case, if he still wishes to prosecute his claims.

For these reasons, the Court will deny Plaintiff's Motions to Reopen and Refile Claims in this Case (Docs. 8, 9). The Court will also deny Plaintiff's post-judgment motions to produce video evidence; produce expert testimony; deliver stenograph reports; order polygraph testing; issue an "actionable order;" enter summary judgment; produce phone records; order discovery; or subpoena a death certificate (Docs. 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21). Those post-judgment motions do not address the Order of Dismissal or otherwise establish grounds for relief

under Rule 59(e).

**IT IS ORDERED** that Plaintiff Myrtis Paulo Hart's post-judgment motions (**Docs. 8, 9 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21**) are **DENIED** without prejudice to filing a new civil rights case.

**SO ORDERED**.

/s/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE